### TUPMAN THURLOW CO., Inc., v. DRUEDING BROS. CO.

(Circuit Court of Appeals, Second Circuit. November 19, 1923.)

No. 26.

1. **Reformation of instruments** ⟘19(1)—**Court of equity may reform contract for mutual mistake of fact.**

   A court of equity may reform a contract for a mutual mistake of fact.

2. **Reformation of instruments** ⟘45(2)—**Mistake must be shown by clear evidence.**

   Mutual mistake, to warrant reformation of contract, must be proven by evidence of the clearest and most satisfactory character.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Tupman Thurlow Company, Incorporated, against the Drueding Bros. Company. Decree for plaintiff, and defendant appeals. Affirmed.

Max D. Steuer, of New York City (Henry Epstein, of New York City, of counsel), for appellant.

White & Case, of New York City (David Paine, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. This is an appeal from a decree in equity which provided for the reformation of a contract. The complainant in its bill asked that the contract sued upon should be reformed and corrected, and that it might have judgment thereunder against the defendant for $121,589.50, with interest on $25,196.50 from June 5, 1920, and on $7,878.75 from July 7, 1920, and on $88,514.25 from July 15, 1920. The contract before reformation read as follows:

Letter Head of Tupman Thurlow, Inc.

"January 27, 1920.

"Messrs. Drueding Bros. Co., 5th & Master Sts., Philadelphia, Pa.—Gentlemen: We are pleased to herewith confirm our sale to you and your purchase of us of —— all lamb pelts dropping out of a parcel of 13,000 which we have purchased from the North Canterbury Sheep Farmers' Co-operative

---

⟘For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Freezer Co. (N. C. T. T. Co. brand), at $16.50 per dozen flat for the entire run—that is, including all grades as received—c. a. f. cars, Philadelphia, Pa.

"Delivery: These goods will be available for shipment from New Zealand during February, March, or April, and will be shipped as steamer space is available, but cannot be held responsible for any delays beyond our control which will prevent shipping during these months. No arrival, no sale.

"Shipping instructions: Pennsylvania Railroad delivery, Kensington Street Station, Philadelphia.

"Terms: Net cash promptly on receipt of Pacific Coast railroad bill of lading, invoice and specifications.

"We thank you and would appreciate you confirming sale by returning the inclosed copy, together with your acceptance.

"Very truly yours, The Tupman Thurlow Co., Inc.,
"L JR:MM · L. J. Roversi, Manager.
"Accepted: Messrs. Drueding Bros. Co.
"Henry G. Drueding, Pres."

The court below amended the contract by inserting in the second paragraph the word "dozen" after the figures "13,000," so that the paragraph as amended reads as follows:

"All lamb pelts dropping out of a parcel of 13,000 dozen which we have purchased from the North Canterbury Sheep Farmers' Co-operative Freezer Co. (N. C. T. T. Co. brand), at $16.50 per dozen flat for the entire run—that is, including all grades as received—c. a. f. cars, Philadelphia, Pa."

It appears that the plaintiff and defendant contracted for the sale and purchase of lamb pelts, and that they had for a period of years dealt in such merchandise. The pelts were ordered from South Island, New Zealand. The complainant claimed that there was an error committed in the contract as originally written, and that both seller and buyer understood the contract to be one for 13,000 dozen. Plaintiff shipped in accordance with this construction of the contract. The defendant declined to pay for 13,000 dozens, or for more than the contract called for as originally written, namely, 13,000 pelts. The court, having reformed the contract as above set forth, awarded the complainant a money judgment in the net amount of $111,533.31. This amount was made up by deducting from the unpaid purchase price of the lamb pelts, with interest, amounting to a total of $137,-314.62, the amount received on a resale of the lamb pelts, aggregating $24,923.87, less storage, etc., making the net total in judgment of $111,533.31.

[1, 2] The appeal is based entirely upon that portion of the decree awarding a reformation of the contract. The question raised is one of fact. The power of a court of equity to reform a contract for a mutual mistake of fact is not and cannot be disputed. It is, of course, necessary in such cases that the mutual mistake must be proven by evidence of the clearest and most satisfactory character. Philippine Sugar, etc., Co. v. Philippine Islands, 247 U. S. 385, 38 Sup. Ct. 513, 62 L. Ed. 1177. The evidence must be sufficiently cogent to thoroughly satisfy the mind of the court. Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 12 Sup. Ct. 239, 35 L. Ed. 1063. The court below thought the evidence in favor of reformation was clear and convincing. In his opinion he states: "On the entire evidence I have reached

the clear conclusion that there was a mutual mistake of fact." And this court, upon a review of all the evidence, cannot say that it is not satisfactory and convincing. Judge Hough heard the argument, and after reading the evidence submitted concurred with us in the conclusion reached. Because of his necessary absence from the court he has not seen the opinion as written.

Decree affirmed.